UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____ X
                                    :
JOHNNY WILLIAM BOYNE,               :       Complaint of
            Plaintiff(s),           :       Malicious Obtainment
                                    :       of Grand Jury
      -Against -                     :       Indictment
                                    :
                                    :
DETECTIVE ANDREW BARNES,            :
            Defendant(s).           :
                                    :
_____ X


PLAINTIFF, BY PRO SE, ATTORNEY

COMPLAINING AGAINST DEFENDANT ALLEGES,

AS FOLLOWS:


1. A NOTICE OF CLAIM AGAINST, DETECTIVE

ANDREW BARNES, IN THIS MATTER WAS

FILED ON THE _____ DAY OF ████SEPTEMBER████, 2022, AND

EXHIBIT "A" Appellate Division 2014

Memorandum; also, EXHIBIT "B" Decision and

Order of Judge Hafner, J., also, EXHIBIT "C" SORA FORM.

2. PLAINTIFF IS A RESIDENT OF THE STATE

page: 1 of 6

OF NEW YOURK COUNTY OF ONONDAGA currently located at Onondaga County Inmate Justice Center 555 SOUTH STATE STREET, SYRACUSE, New York 13202-2104.

3. AT ALL RELEVANT TIMES HEREIN THE DEFENDANT WAS A SWORN POLICE OFFICER OF THE COUNTY OF ONONDAGA SHERIFF LOCATED IN THE CITY OF SYRACUSE, NEW YORK STATE, AND ACTED WITHIN THE SCOPE OF HIS AUTHORITY AND PURSUANT TO HIS DUTIES AS AN OFFICER OF THE ONONDAGA SHERIFF'S POLICE.

4. ON OR ABOUT THE TWENTY-EIGHTH DAY OF JULY, TWO THOUSAND, AND SIXTEEN, THE DEFENDANT TESTIFIED BEFORE A GRAND JURY OF THE ONONDAGA COUNTY FOR THE PURPOSE OF PROCURING AN INDICTMENT

Form Loc A-3-1

AGAINST PLAINTIFF AS HEREINAFTER ALLEGED.

5. THE DEFENDANT TESTIFIED BEFORE THE GRAND JURY FALSELY, MALICIOUSLY AND WITHOUT PROBABLE CAUSE THAT PLAINTIFF HAD COMMITTED THREE COUNTS OF THE CRIME OF FAILURE TO REGISTER / VERIFY CHANGE OF ADDRESS AS A SEX OFFENDER, SUCH/ TESTIMONY WAS FALSE IN THAT MALICIOUS OBTAINMENT OF GRAND JURY INDICTMENT.

6. SUCH TESTIMONY WAS GIVE BY DEFENDANT WITH INTENT THAT PLAINTIFF 3E INDICTED FOR THREE COUNTS OF THE CRIMES OF FAILURE TO REGISTER / VERIFY CHANGE OF ADDRESS AS A SEX OFFENDER.

7. PLAINTIFF HAD NO KNOWLEDGE OR NOTICE OF THE PROCEEDING BEFORE SUCH

Form Loc A-3-1

GRAND JURY AND DID NOT APPEAR

BEFORE SUCH GRAND JURY AND DID NOT

HAVE, AND WAS NOT AFFORDED THE

OPPORTUNITY TO PRESENT THE PLAINTIFF'S

TESTIMONY AND PROOF BEFORE IT.

8. SOLELY BASED ON, AND IN RELIANCE ON

THE FALSE AND PERJURED TESTIMONY OF

THE DEFENDANT AND BY REASON OF THE

DEFENDANT'S malicious obtainment of grand

jury indictment, AS ALLEGED, SAID GRAND

JURY ON THE TWENTY-EIGHTH DAY OF

JULY, TWO THOUSAND, AND SIXTEEN,

INDICTED PLAINTIFF FOR THE THREE COUNTS

CRIME OF FAILURE TO REGISTER / VERIFY

CHANGE OF ADDRESS AS A SEX OFFENDER.

THE INDICTMENT WAS DESIGNATED AS

INDICTMENT NUMBER 2016-0698-1 AND WAS

page 4 of 6

Form Loc A-3-1

RETURNED IN OPEN COURT ON THE 02ND, OF AUGUST, 2016, AND WAS DULY DOCKETED AS INDEX NUMBER 16- ████ 0831.

9. THEREAFTER, ON THE FIRST DAY OF DECEMBER, TWO THOUSAND, AND SIXTEEN, PLAINTIFF'S FIRST COUNT OUT OF THREE WAS DISMISSED, THUS TERMINATING THE PROSECUTION IN FAVORED TO PLAINTIFF

10. AS A PROXIMATE RESULT OF THE dismissal CRIMINAL VACATED / REVERSED CHARGE INITIATED BY THE DEFENDANT.

PLAINTIFF HAS ALSO BEEN DAMAGED IN THE SUM OF $100,000.00, INCLUDING COST OF ATTORNEY'S FEE OF Ø INCURRED INDEFENSE OF THE CHARGE, Ø COST OF OBTAINING BAIL IN THE SUM OF Ø, AND OTHER COSTS AND EXPENSES, ████████

page 5 OF 6

11. THE ACT OF THE DEFENDANT WAS WILLFUL

WANTON, MALICIOUS AND OPPRESSIVE AND

WERE MOTIVATED SOLELY BY A DESIRE TO

HARM PLAINTIFF FOR FALSE AREST, DISMISSAL,

IMPRISONMENT, INSUFFICIENT EVIDENCE OR

BY HATRED OF, OR ILL-WILL TOWARD

PLAINTIFF SUCH ACTS THEREFORE DESERVE AN

AWARD OF $200,000.00 AS PUNTIVE

DAMAGES, WHICH INCLUDES ALL PAST FILING

UNPAID COURT FEES IN THIS COURT.

WHEREFORE, plaintiff demands judgment
against the defendant in the aftersaid amounts,
and costs of this court.

DATED: September, 26th, 2022
        Syracuee, NY 13202

RESPECTFULLY SUBMITTED,

Johnny Boyle
Pro SE PLAINTIFF

page 6 of 6

EXHIBIT

A

SUPREME COURT OF THE
STATE OF NEW YORK

Appellate Division Fourth Judicial
Department

NOVEMBER 14TH 2014

page: 1 OF 1

# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

10-1137

**1076**
**KA 13-00991**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOHNNY BOYDE, DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON
OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Onondaga County Court (Joseph E.
Fahey, J.), rendered February 15, 2011. The judgment convicted
defendant, upon his plea of guilty, of sexual abuse in the first
degree, sexual abuse in the second degree and endangering the welfare
of a child.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed as a matter of discretion in the interest of
justice and on the law, the plea is vacated, and the matter is
remitted to Onondaga County Court for further proceedings on the
indictment.

Memorandum: Defendant appeals from a judgment convicting him
upon his plea of guilty of sexual abuse in the first degree (Penal Law
§ 130.65 [2]), sexual abuse in the second degree (§ 130.60 [2]), and
endangering the welfare of a child (§ 260.10 [1]). Defendant contends
that his plea should be vacated on the ground that it was coerced by
County Court's statement that it would impose the maximum permissible
sentence of imprisonment in the event defendant was convicted
following a trial. As the People correctly concede, defendant's
contention " 'survives [a] valid waiver of the right to appeal' "
(*People v Zimmerman*, 100 AD3d 1360, 1362, *lv denied* 20 NY3d 1015; *see
People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746).
Although "[d]efendant failed to move to withdraw his plea or to vacate
the judgment of conviction and thus failed to preserve for our review
his contention that his plea was coerced" (*People v Lando*, 61 AD3d
1389, 1389, *lv denied* 13 NY3d 746; *see People v Boyd*, 101 AD3d 1683,
1683), we exercise our power to review his contention as a matter of
discretion in the interest of justice (*see* CPL 470.15 [3] [c]). We
agree with defendant that "the court's statement[] do[es] not amount
to a description of the range of the potential sentences but,
rather, [it] constitutes impermissible coercion, 'rendering the plea

06F1024

1076
KA 13-00991

involuntary and requiring its vacatur' " (*People v Flinn*, 60 AD3d
1304, 1305; *see People v Kelley*, 114 AD3d 1229, 1230).

Entered:   November 14, 2014

Frances E. Cafarell
Clerk of the Court

06F1025



### Supreme Court
**APPELLATE DIVISION**
**Fourth Judicial Department**
**Clerk's Office, Rochester, N.Y.**

I, FRANCES E. CAFARELL, *Clerk of the Appellate Division of the Supreme Court in the Fourth Judicial Department, do hereby certify that this is a true copy of the original order, now on file in this office.*



*IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Court at the City of Rochester, New York, this* NOV 1 4 2014

_____
**Clerk**

FILED

2014 NOV 18 A 11: 51

06F1026

EXHIBIT

B

DECISION
AND
ORDER

ACTING JUDGE HAFNER, J.

page: 1 of 1

Form Loc A-3-1

COUNTY COURT
COUNTY OF ONONDAGA   STATE OF NEW YORK

_____

THE PEOPLE OF THE STATE OF NEW YORK

V.                                          Ind. # 2016-0698-1
                                            Index # 16-0831

JOHNNY BOYDE,

                          Defendant.

_____

## DECISION / ORDER

Hafner, J.

The defendant is charged in this indictment with three counts of Failure to Register, in violation of *Corrections Law § 168-f[4]*.

The defendant filed an Omnibus Motion on September 27, 2016 seeking [1] examination of the grand jury minutes pursuant to *Criminal Procedure Law § 210.30[1]* and *[2]*; [2] an order dismissing the indictment pursuant to *Criminal Procedure Law § 210.20-1[b]* on the grounds that there was not legally sufficient evidence presented to the grand jury to establish the charged crimes; [3] an order precluding the People from offering evidence of prior criminal convictions, vicious, immoral or bad acts of the defendant upon cross-examination of the defendant.

The People filed an Answering Affirmation on October 25, 2016 opposing the relief requested by the defendant.

As the People have not shown that good cause exists to deny the motion to inspect the grand jury minutes, pursuant to *Criminal Procedure Law § 210.30[3]*, the Court must grant the defendant's motion to inspect the grand jury minutes.

The Court has examined the grand jury minutes and finds that release of the minutes, or certain portions thereof, is not necessary to assist the court in making its determination of the defendant's motions.

16F0888

In determining a motion to dismiss an indictment or counts therein on the grounds of legal insufficiency of the evidence before the grand jury, the Court must consider only such evidence as was adduced before the grand jury and consider such evidence in a light most favorable to the People.  The requirement of legal sufficiency is satisfied where " ... the competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof."  *Criminal Procedure Law § 70.10[1]; People v. Swamp, 84 NY2d 725.*

Determining the competent evidence, if any, that was adduced before the grand jury in this case has proved to be a confounding endeavor, primarily due to the often confusing and sometimes misleading testimony of Det. Barnes, due to contradictory documentary evidence and due to a handful of perplexing questions from the prosecutor.

For example, the prosecutor asked Det. Barnes "where was his registered address he was supposed to be staying at as of before April of 2015." Det. Barnes said "he re-registered 120 Gifford Street, Rescue Mission, City of Syracuse." Det. Barnes then testified that the defendant told him at the time of his release from custody on April 29, 2015, that "he was going to 120 Gifford Street."   At another point in his testimony, Barnes told the grand jury that "he stated when he got out of jail he was going to 301 McCool Ave Apt 2.  That is not where he actually filed his latest change of address."  The prosecutor asked Barnes a series of questions to establish that the defendant had stopped living at the Rescue Mission sometime in June and that the defendant had not come to Barnes with a form reporting the change of address from the Rescue Mission to wherever his new residence was.

A reasonable inference to draw from these questions and answers provided is that the prosecutor and the witness were attempting to establish that the defendant's registration obligation commenced on the date of his guilty plea on April 29, 2015 and that the Rescue Mission was the original address provided by the defendant to law enforcement at the time he was registered as a sex offender.

2

*16F0889*

The problem with the elicitation of such evidence is that the defendant's designation as a "sex offender," within the meaning of *Corrections Law § 168-a[1],* was vacated by operation of law upon reversal of his judgment on November 14, 2014, and the defendant did not become a "sex offender" (again) until he was sentenced on July 21, 2015. His registration obligations were not activated on the date of his guilty plea (April 29, 2015), but rather became effective as of July 21, 2015 upon sentencing. During the period from November 14, 2014 through July 21, 2015, the defendant was not a "sex offender" subject to the registration requirements of *Corrections Law § 168-a.* The location of his residence in April, 2015 or in June, 2015, is irrelevant to the analysis of whether the defendant failed to notify the Division of Criminal Justice Services (DCJS) of any change of address and any testimony that suggested that the defendant was subject to the registration requirements in April, 2015 or in June, 2015 is simply confusing and misleading.

Barnes later testified that the defendant was "put back on the registry" on July 21, 2015. He was then shown an exhibit that contained the New York State Sex Offender Registration Form for the defendant, a New York State Sex Offender Change of Address Form for the defendant and a two page document from a DCJS clerk. The DCJS clerk wrote on one of the pages of the document "Mr. Boyde notified DCJS that his address was 120 Gifford Street, Syracuse, NY 13202 on a Sex Offender Change of Address Form dated 4/29/15 - a certified copy of this change of address form is attached." However, a review of the Sex Offender Change of Address Form completed by the defendant attached to the clerk's certification document shows that it was dated 12/9/15, not 4/29/15 as stated by the clerk on the document. Barnes then testified that the defendant notified DCJS when he registered on July 21, 2015 that he was going to live at 120 Gifford Street, at the Rescue Mission. The Sex Offender Registration Form shows that the defendant in fact reported his address to DCJS on July 21, 2015 to be 301 McCool Ave Apt 2, East Syracuse, New York, not 120 Gifford Street as testified to by Det. Barnes.

3

16F0890

The competent evidence presented to the grand jury established that the defendant was arrested on July 21, 2010 for Sexual Abuse in the First Degree, a charge for which he was later indicted and convicted. The defendant's conviction was reversed by the Appellate Division, Fourth Judicial Department on November 14, 2014 and was remanded to Onondaga County Court for further proceedings on the reinstated indictment.

The competent evidence presented to the grand jury established that on April 29, 2015, the defendant pleaded guilty to Sexual Abuse in the First Degree. The defendant was sentenced on July 21, 2015 to an unconditional discharge with credit for time served in jail on the indictment. The defendant was assigned a sex offender risk level three at sentencing. The defendant reported his residence at the time of sentencing to be 301 McCool Ave Apt 2, East Syracuse, New York. The defendant declined to sign the New York State Sex Offender Registration Form at sentencing because he believed that he was absolved from the registration requirements attendant to his July 21, 2015 conviction for Sexual Abuse in the First Degree because his 2011 judgment of conviction for Sexual Abuse in the First Degree had been vacated.

The competent evidence presented to the grand jury established that on December 15, 2015, the New York State Sex Offender Registry received a Change of Address Form from the defendant that was dated 12/9/15 in which the defendant reported his new address to be 120 Gifford Street in Syracuse. The defendant did not actually change his residence to the Rescue Mission until December 29, 2015, then he stayed for 15 consecutive nights at the Rescue Mission. The defendant did not reside at the Rescue Mission after January 12, 2016. The defendant did not file a Change of Address Form with the Sex Offender Registry within ten days of when he stopped residing at the Rescue Mission on January 12, 2016, or at any time thereafter. The defendant did not personally verify his address with the Syracuse Police Department ninety days after sentencing on July 21, 2015, or at any time thereafter.

4

16F0891

The Court concludes that the competent evidence presented to the grand jury was sufficient to establish the crimes charged in count 2 and in count 3.  The competent evidence presented to the grand jury established [1] that the defendant is a sex offender as defined in *Corrections Law § 168-a[1]; [2]* that from the period of January 23, 2016 (more than ten days after the defendant's change of residence from the Rescue Mission on January 12, 2016) to July 1, 2016, the defendant failed to register his change of address from the Rescue Mission with the Division of Criminal Justices; and [3] that the defendant is a level three sex offender who failed to personally verify his address with the Syracuse Police Department ninety days after his sentencing on July 21, 2015 (i.e. on or about October 19, 2015) or at any time thereafter to July 1, 2016.  Contrary to the defendant's belief, the fact that he did not sign the Sex Offender Registration Form at sentencing does not relieve him from the registration and notification requirements imposed upon him by statute as a result of his July 21, 2015 conviction for Sexual Abuse in the First Degree.

The Court finds that the competent evidence presented to the grand jury was not sufficient, however, to establish the crime charged in count one.  The defendant reported to the court at sentencing on July 21, 2015 that he resided at 301 McCool Avenue Apt 2 in East Syracuse.  With the exception of four non-consecutive nights where he slept at the Rescue Mission, and a night (December 8, 2015) where he slept at the Justice Center, the defendant apparently resided at 301 McCool Avenue Apt 2 in East Syracuse.  The Court does not consider the defendant's five sporadic, one night respites at the Rescue Mission or the Justice Center during a five month period to be a change of address from 301 McCool Avenue that would trigger the notification requirement of *Corrections Law § 168-f[4]*.  However, the defendant's obligation to file a change of address form with the Division of Criminal Justice Services was activated by his relocation to the Rescue Mission on December 29, 2015, and not at any earlier time.

5

16F0892

It is worthy to note that count 1, count 2 and count 3 each allege a violation of *Corrections Law § 168-f[4]*. The prosecutor instructed the grand jury on *Corrections Law § 168-f[4]* with respect to count 1 and count 2. However, with respect to count 3, the prosecutor instructed the grand jury on *Corrections Law § 168-f[3]* and the accusatory portion of count 3 properly reflects the statutory language of *Corrections Law § 168-f[3],* despite the fact that count 3 alleges, as presently written, a violation of *Corrections Law § 168-f[4]*.

The defendant's motion for an order dismissing count 2 and count 3 of the indictment pursuant to *Criminal Procedure Law § 210.20-1[b]* is denied. The defendant's motion for an order dismissing count 1 of the indictment pursuant to *Criminal Procedure Law § 210.20-1[b]* is granted.

In the event that the People make an application to offer evidence of any prior criminal convictions, vicious, immoral or bad acts of the defendant upon cross-examination of the defendant, the Court will conduct a *Sandoval* hearing prior to trial.

The defendant's Omnibus Motion included a demand for discovery pursuant to *Criminal Procedure Law § 240.20* and a request for a bill of particulars pursuant to *Criminal Procedure Law § 200.95*. The People have provided discovery in response to the defendant's demand. No subsequent motion for court ordered discovery has been filed by the defendant. The People provided a bill of particulars to the defendant. The defendant has not indicated any dissatisfaction with the People's bill of particulars.

Pursuant to *22 NYCRR 200.12,* a preliminary trial conference is scheduled for Friday, December 2, 2016 at 9:00am. If there is no disposition on December 2, 2016, this matter will be scheduled for trial. Any potential expert witness for trial shall be identified at the preliminary trial conference. If the People believe that any prior statements of potential witnesses in their possession or control are not discoverable under the *Criminal Procedure Law,* or under *Brady* or *Rosario,* the People shall identify said statements by an *ex parte* application to the Court, and file either a written refusal to produce said evidence pursuant to *Criminal Procedure Law § 240.35* and/or file a motion for a protective order pursuant to *Criminal Procedure Law § 240.50*.

6

16F0893

**NOW,** it is therefore

**ORDERED,** that the defendant's motion for an order dismissing count 1 of the indictment pursuant to *Criminal Procedure Law § 210.20-1[b]* is **granted;** and it is further

**ORDERED,** that the defendant's motion for an order dismissing count 2 and count 3 of the indictment pursuant to *Criminal Procedure Law § 210.20-1[b]* is **denied;** and it is further

**ORDERED,** that in the event that the People make an application to offer evidence of any prior criminal convictions, vicious, immoral or bad acts of the defendant upon cross-examination of the defendant, the Court will conduct a *Sandoval* hearing prior to trial.

This constitutes the Decision and Order of the Court.

Dated: December 1, 2016

Hon. Walter W. Hafner, Jr.
Acting Onondaga County Court Judge

7

2016 DEC -5 P 12: 21

FILED & ENTERED

16F0894

EXHIBIT T

"C"

SORA FORM
#44414

July 21st, 2015

page: 1 of 1

44414

3

**SEX OFFENDER REGISTRATION FORM**
Please Print or Type ALL Information, instructions are on the back of form

DCJS USE ONLY

LOCAL AGENCY USE ONLY (i.e., DIN)

1. Name (Last, First, Middle)
BOYDE, JOHNNY

2. Alias / Nickname / Maiden Name (Last, First, Middle)

3. Date of Birth   Mo  Day  Yr
B - 4 - 90

4. Sex
☒ M ☐ F ☐ O

5. Race
☐ White  ☒ Black  ☐ Asian
☐ Native American  ☐ Unknown

6. Ethnic Origin
☒ Non Hispanic  ☐ Hispanic
☐ Unknown

7. Height
Feet  Inches
5    11

8. Weight
198

9. Hair
BLK

10. Eyes
BRN

11. Glasses
☐ Yes  ☒ No
☐ Contacts

12. Scars / Marks / Tattoos  ☐ Yes  ☒ No
If yes, describe on Continuation/Supplemental Form

13. Social Security No.
057 - 78 - 1632

14. NYSID No.
2593752Q

15. FBI No.
29086CCD0

16. Driver's License No. & State
N/A

17. License Plate No.

18. Issuing State

19. Vehicle Year

20. Make

21. Model

22. Color

Answer the following three questions if sex offender subscribes to an internet account
23. Name(s) of Internet Service Provider(s)
N/A

24. User/Screen Name(s)

25. Email Address(es)

26. Institution of Higher Education  ☐ Attending  ☐ Employed At  ☐ Enrolled At
(name)

27. Anticipated Dates of Attendance, Employment, or Enrollment
From: Mo Day Yr   To: Mo Day Yr

28. Institution of Higher Education Address (include City, State, Zip)

29. County

30. Arresting Agency
SYRACUSE POLICE DEPT

31. County
ONONDAGA

32. Date of Arrest   Mo  Day  Yr
7  21  2010

33. Date of Crime
7  21  2010

34. Sex Offender's Address at Time of Arrest (Street No., Street Name, Bldg. No., Apt. No.)
201 OXFORD ST
SYRACUSE NY 13202

35. City, State, Zip
SYRACUSE NY 13202

36. County
ONONDAGA

37. Conviction(s) for Registration Purposes (include subsection, if applicable)
130.65C  SEXUAL ABUSE  1st

38. Sentencing Court
ONONDAGA COUNTY COURT

39. Docket No.
2010-0948-1

40. Date of Conviction
4 - 29 - 15

41. Sentence(s) Imposed at Conviction
TIME SERVED

42. Victim(s) Age and Gender
Victim 1 Age: 11  Gender: F   Victim 2 Age: ___ Gender: ___
Victim 3 Age: ___  Gender: ___   Victim 4 Age: ___ Gender: ___

43. Mode of Operation/Description of Offense at Conviction (select all that apply)

a. Description of actual crime (check all that apply)
                                        Actual  Attempted  More Than Once
Sexual intercourse                        ☐       ☐          ☐
Oral or anal sexual conduct               ☐       ☐          ☐
Sexual contact                            ☒       ☐          ☐
Kidnapping/unlawful imprisonment          ☐       ☐          ☐
Patronizing/promoting prostitution        ☐       ☐          ☐
Disseminating indecent materials to a minor ☐     ☐          ☐
Promoting/possessing sexual performance by a child ☐ ☐      ☐

b. Relationship to victim(s) (select all that apply)
☐ Stranger  ☒ Non-stranger  ☐ Unknown
☐ Person in actual or apparent position of authority
   other than family member
Describe: _____

c. Was force used or did physical assault occur?
☐ Yes  ☒ No  ☐ Unknown

If Yes, type:
☐ Threat              ☐ Hit with hands/fist/kick
☐ Coercion            ☐ Immediately and physically overpowered
☐ Choked              ☐ Vehicle
☐ Stabbed             ☐ Chemical agent
☐ Shot                ☐ Other

d. Was a weapon used?
☐ Yes  ☒ No  ☐ Unknown
If yes, type: ___

e. Was a computer/internet used?
☐ Yes  ☒ No

f. Was pornography involved?
☐ Yes  ☒ No

44. Supervising Agency (i.e., Probation (indicate specific bounty), Parole)
NONE - UNSUPERVISED

45. Agency Phone No.
315 471-1020

46. Supervising Officer (if known)
NONE

47. Max. Exp. Date of Parole/Probation
7/21/15

48. Special Conditions of Release Apply
☐ Yes  ☒ No   (List on Continuation/Supplemental Form)

49. Risk Level of Offender  ☐ One  ☐ Two  ☒ Three  ☐ Pending
Designation:  ☐ Sexual Predator  ☐ Sexually Violent Offender
☐ Predicate Sex Offender  ☐ Not Applicable

Date Assigned: 7/21/15

50. Residence Address of Offender at Release (Street No., Street Name, Bldg. No., Apt. No.)
120 GIFFORD ST

51. City, State, Zip
SYRACUSE NY 13202

52. County
ONONDAGA

53. Home Phone No.

54. Employer Address of Offender at Release (Street No., Street Name, Bldg. No., Apt. No.)
N/A

55. City, State, Zip

56. County

57. Notifying Agency (i.e., Name of Court, Jail, Prison)
ONONDAGA COUNTY COURT

58. Notifying Agency Address
505 S STATE SYRACUSE NY 13202

59. Notifying Agency Phone No.
315 671-1022

60. Signature of Notifying Officer

61. Name and Title of Notifying Officer
KELLY REDMORE   COURT CLERK

62. Earliest Possible Release Date to Community   Mo Day Yr
07  21  2015

The sex offender's signature and date of signature are required below.
I have read the back of this form. I understand I have a duty to register and my duties were explained to me.

REFUSED TO SIGN
Sex Offender's Signature

Sex Offender's Name (print)

7/21/15
Date

White - DCJS   Yellow - Agency   Pink - Offender   Goldenrod - Supervising Agency
CJS - 3230 (4/12)

1    guilty and you get out today.  It is up to you.

2          THE DEFENDANT:  I want my appeal rights.

3          THE COURT:  Okay.

4          MR. BLOSS:  Per Maureen, Judge, she said that

5    she said CD on felony and time served on the --

6          THE COURT:  Okay, so she wants -- I want to

7    make sure we have a meeting of the minds, which I

8    don't think we are going to momentarily.  So --

9          THE DEFENDANT:  My thing is this because my

10   appeal rights, because on the 3rd day or about the

11   4th day of April, 2019, Mr. Boyde served Appellate

12   Division Fourth Department copy of Stephen J.

13   Dougherty March 3rd preliminary hearing transcript

14   hearing and original DCJS New York State copy of

15   registration form 44414 by US mail.  On the first day

16   of April 2019, Mr. Boyde had also served a copy of

17   said March 3rd transcript to Mr. Phillip Rothschild,

18   Esquire, appellate attorney for Mr. Boyde.  That's

19   why.  Because the transcript of March 3rd, 2016 is

20   part of this case, part of my --

21         THE COURT:  That is what I said, Mr. Boyde.  If

22   you succeed on your prior appeals, that would affect

23   this one.  If you were to succeed and be found that

24   you shouldn't be on the registry list, it would

25   affect every subsequent prosecution for failure to

NAME: Johnny Boyce
ONONDAGA COUNTY SHERIFF OFFICE
JUSTICE CENTER INMATE CORRESPONDENCE
555 SOUTH STATE STREET
SYRACUSE, NY 13202-2104

ICN# 0700284

Legal Mail

US POSTAGE PITNEY BOWES

ZIP 13202
02 4W
0000364284

$001.92
OCT 07 2022

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK

OCT 11 2022

RECEIVED

To: United States District Court
c/o Clerk's Office
P.O. Box 7367
100 S. Clintion Street
Syracuse, NY 13261-7367