UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNNY WILLIAM BOYDE,

                                  **Plaintiff,**

  vs.                                                    5:22-CV-1024
                                                            (MAD/TWD)

**DETECTIVE ANDREW BARNES,**

                                  **Defendant.**
_____

APPEARANCES:                                     OF COUNSEL:

JOHNNY WILLIAM BOYDE
07001284
Onondaga County Correctional Facility
6660 E. Seneca Turnpike
Jamesville, New York 13078

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action on September 30, 2022, alleging wrongdoings related to a grand jury proceeding in Onondaga County in July 2016. *See* Dkt. No. 1 at 2-5; Dkt. No. 6 at 4. Specifically, Plaintiff claims that on July 28, 2016, Detective Andrew Barnes ("Defendant") "testified before the grand jury falsely, maliciously, and without probable cause" "for the purpose of procuring an indictment against Plaintiff ... for three counts of the crimes of failure to register/verify change of address as a sex offender." Dkt. No. 1 at 2-3. "Solely based on, and in reliance on the false and perjured testimony of the Defendant," the grand jury indicted Plaintiff for the three counts. *See id.* at 3. "The indictment was designated as Indictment Number 2016-0698-1 and was returned in open court on [August 2, 2016], and was duly docketed as Index Number 16-0831." *Id.* at 4-5. Thereafter, on December 1, 2016, "Plaintiff's first count of the three was dismissed thus terminating the prosecution in" his favor. *See id.* at 5. Plaintiff claims "the

problem" with Defendant's testimony during the grand jury proceeding was that "Plaintiff's designation as a 'sex offender' within the meaning of Correction Law § 168a(1), was vacated by operation of law upon reversal of Plaintiff's judgment on [November 14, 2014], and the Plaintiff did not become a 'sex offender' (again) until the Plaintiff was sentenced on July 21, 2015." Dkt. No. 6 at 4. Plaintiff seeks monetary damages for Defendant's alleged misconduct.

In commencing this action, Plaintiff did not pay the required filing fee and instead seeks to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. In an Order and Report-Recommendation, Magistrate Judge Dancks conducted an initial review of the complaint and recommended that the Court deny Plaintiff's IFP application and *sua sponte* dismiss this action without further leave to amend pursuant to 28 U.S.C. §§ 1915(e), (g) and 1915A. *See* Dkt. No. 8. Specifically, Magistrate Judge Dancks found that, although Plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee, he has accumulated at least "three strikes" prior to commencing this action and that he does not qualify for the imminent danger exception contained in Section 1915(g). *See id.* at 3-6. Plaintiff objected to the Order and Report-Recommendation, arguing in an entirely conclusory manner that his complaint should not be dismissed. *See* Dkt. No. 9.

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

An indigent prisoner is normally allowed to file a lawsuit without paying the usual filing fees. *See* 28 U.S.C. § 1915(b). Congress has decided as a matter of policy, however, that such subsidized access to the courts should be denied to those who abuse it, and has therefore provided that prisoners who have repeatedly brought legal claims dismissed as frivolous, malicious, or not stating a claim must, like the vast majority of plaintiffs, pay the filing fee at the outset of the litigation. Specifically, the PLRA provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

There is an exception to the three strikes rule where a prisoner is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), and such imminent danger "exist[ed] at the time the complaint [was] filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002); *see also Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (same). The Second Circuit has held that the complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). Thus, a court must "consider (1) whether the imminent danger of serious physical injury ... allege[d] is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99.

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff had accumulated at least three strikes at the time he filed his complaint and that he has failed to allege facts that would support application of the imminent danger exception. Plaintiff is a frequent litigator and, prior to this action, has commenced twelve civil actions in this District. Of these actions, at least six qualify as strikes for purposes of Section 1915(g). *See Boyde v. Brockway*, No. 9:18-cv-01231, Dkt. No. 10 (N.D.N.Y. Jan. 11, 2019) (dismissing complaint for failure to state a claim upon which relief may be granted); *Boyde v. Green*, No. 9:18-cv-01033, Dkt. No. 7 (N.D.N.Y. Oct. 17, 2018) (same); *Boyde v. Uzunoff*, No. 9:21-cv-00741, Dkt. No. 26 (N.D.N.Y. Sept. 23, 2021) (same); *Boyde v. Quigley*, No. 9:21-cv-00742, Dkt. No. 9 (N.D.N.Y. Sept. 23, 2021) (same); *Boyde v. Onondaga Justice Center*, No. 9:21-cv-00748, Dkt. No. 9 (N.D.N.Y. Sept. 23, 2021) (same); *Boyde v. McCarty*, No. 9:21-cv-00837, Dkt. No. 4 (N.D.N.Y. Sept. 23, 2021) (same); *Boyde v. Fahey*, No. 5:21-cv-01277, Dkt. No. 16 (N.D.N.Y. May 26, 2022) (same). Accordingly, Plaintiff may only proceed *in forma pauperis* if the "imminent danger" exception is applicable.

As Magistrate Judge Dancks correctly determined, Plaintiff's complaint and amended complaint make clear that the imminent danger exception is inapplicable. Plaintiff's allegations in this matter relate to a grand jury proceeding in Onondaga County Court in July 2016. *See* Dkt. No. 1 at 2-5; Dkt. No. 6 at 4. Even liberally construed, Plaintiff's allegations do not plausibly suggest that he was at risk of an "imminent danger of serious physical injury" when he filed this action. *See Pettus*, 554 F.3d at 296. Moreover, because Plaintiff's claims do not involve a physical injury, it is impossible for Plaintiff to demonstrate that any of the events described in the complaint and amended complaint placed him at risk of an "imminent danger of serious physical injury" when he filed this action. As such, the Court need not grant Plaintiff leave to amend his

pleading further before requiring him to pay the filing fee or face dismissal. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010); *see also Carlina v. Rubino*, 644 Fed. Appx. 68, 73 (2d Cir. 2016) (concluding that the district court "did not abuse its discretion by dismissing Carolina's complaint without granting leave to amend Carolina's complaint" because the complaint "did not present the possibility of [him] stating a valid imminent-danger claim").

Finally, the Court finds that Magistrate Judge Dancks also correctly determined that the Court may properly dismiss this action without first providing Plaintiff an opportunity to pay the filing fee because his claim is legally frivolous. *See* Dkt. No. 8 at 7-11. As set forth above, Plaintiff claims that Defendant testified before a grand jury "falsely, maliciously, and without probable cause" that Plaintiff had "committed three counts of the crime of failure to register/verify change of address as a sex offender[.]" Dkt. No. 6 at 4. As Magistrate Judge Dancks noted, however, witnesses are absolutely immune from liability under Section 1983 for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *see also Adamou v. Doyle*, 707 Fed. Appx. 745, 746 (2d Cir. 2018) (holding that "a grand jury witness, including a law enforcement officer, 'has absolute immunity from any § 1983 claims based on the witness' testimony,' even if that testimony is perjurious") (quoting *Rehberg*, 566 U.S. at 369). Since Defendant is entitled to absolute immunity, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff should not be afforded an opportunity

to pay the filing fee and proceed with this action.[1]  The defects in Plaintiff's Section 1983 claims against Defendant are substantive and would not be cured if afforded an opportunity to amend.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 8) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 21, 2023
        Albany, New York

*[signature]*
Mae A. D'Agostino
U.S. District Judge

---

[1] The Court also notes that Plaintiff's claim is also untimely.  Plaintiff's claim would have accrued no later than December 1, 2016, when Onondaga County Court Judge Walter Hafner dismissed count one of the indictment.  *See* Dkt. No. 1 at 18.  As such, the statute of limitations on Plaintiff's claim expired on December 1, 2019.  *See McDonough v. Smith*, ___ U.S. ___, 139 S. Ct. 2149, 2156-57 (2019); *see also Beckwith v. City of Syracuse*, ___ F. Supp. 3d ___, 2022 WL 17039233, *6 (N.D.N.Y. Nov. 17, 2022); *Sharp v. County of Putnam*, No. 18-cv-780, 2019 WL 2250412, *5-6 (S.D.N.Y. May 24, 2019).